K. MICHELLE GRAJALES
mgrajales@ftc.gov
LISA ANNE ROTHFARB
lrothfarb@ftc.gov
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW
Mail Stop: CC-10232
Washington, DC 20580
(202) 326-3172

JOHN D. JACOBS, Cal. Bar No. 134154
jjacobs@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Blvd., Ste. 400
Los Angeles, CA 90024
Tel: (310) 824-4343; Fax: (310) 824-4380
Attorneys for Plaintiff

FILED
CLERK, U.S. DISTRICT COURT
May 7, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: ____VPC____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

Plaintiff,

vs.

A1 DOCPREP INC., et al.,

Defendants.

Case No. CV17-07044-SJO (JCX)

**[Proposed] STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST BLOOM LAW GROUP PC, ALSO D/B/A HOME SHIELD NETWORK AND KEEP YOUR HOME USA**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to Sections 13(b) of the Federal Trade Commission Act ("FTC Act"), 15

U.S.C. § 53(b), the Telemarketing and Consumer Fraud and Abuse Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and the 2009 Omnibus Appropriations Act, Public Law 111-8, Section 626, 123 Stat. 524, 678 (Mar. 11, 2009) ("Omnibus Act"), as clarified by the Credit Card Accountability Responsibility and Disclosure Act of 2009, Public Law 111-24, Section 511, 123 Stat. 1734, 1763-64 (May 22, 2009) ("Credit Card Act"), and amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law 111-203, Section 1097, 124 Stat. 1376, 2102-03 (July 21, 2010) ("Dodd-Frank Act"), 12 U.S.C. § 5538. The FTC and Defendant Bloom Law Group PC, also d/b/a Home Shield Network and Keep Your Home USA ("Stipulating Defendant"), stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Stipulating Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), the Telemarketing Sales Rule, 16 C.F.R. § 310, and the Mortgage Assistance Relief Services Rule ("MARS Rule" or "Regulation O"), 12 C.F.R. Part 1015, formerly codified as 16 C.F.R. Part 322, in connection with the marketing and sale of student loan debt relief services and mortgage assistance relief services.

3. Stipulating Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

4. Stipulating Defendant and the FTC waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

A. "**Assisting others**" includes:

    1. performing customer service functions, including receiving or responding to consumer complaints;

    2. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

    3. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

    4. providing names of, or assisting in the generation of, potential customers;

    5. performing marketing, billing, or payment services of any kind; or

    6. acting or serving as an owner, officer, director, manager, or principal of any entity.

B. "**Defendants**" means A1 DocPrep Inc., Steamlined Marketing, also d/b/a Project Uplift Students and Project Uplift America, Bloom Law Group PC, also d/b/a Home Shield Network and Keep Your Home USA, and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them, and Homan Ardalan, individually, collectively, or in any combination.

C. "**Financial product or service**" means any product, service, plan, or program represented, expressly or by implication, to:

    1. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

    2. provide any consumer, arrange for any consumer to receive, or assist

any consumer in receiving, credit, debit, or stored value cards;

    3. improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or

    4. provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

D. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

E. **"Receiver"** means Robb Evans and Associates, LLC.

F. **"Secured or unsecured debt relief product or service"** means:

    1. With respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

        a. stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

        b. negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

        c. obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

        d. negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii)

redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

   e. obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

   f. negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

 2. With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

   a. repay one or more unsecured loans, debts, or obligations; or

   b. combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

G. "**Stipulating Defendant**" means Bloom Law Group PC, also d/b/a Home Shield Network and Keep Your Home USA, and its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities.

H. "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

# I.
# BAN ON SECURED AND UNSECURED
# DEBT RELIEF PRODUCTS AND SERVICES

IT IS ORDERED that Stipulating Defendant is permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any secured or unsecured debt relief product or service.

# II.
# BAN ON TELEMARKETING

IT IS FURTHER ORDERED that Stipulating Defendant is permanently restrained and enjoined from participating or assisting others in telemarketing, whether directly or through an intermediary.

# III.
# PROHIBITION AGAINST MISREPRESENTATIONS
# RELATING TO FINANCIAL PRODUCTS AND SERVICES

IT IS FURTHER ORDERED that Stipulating Defendant, Stipulating Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any financial product or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A. the terms or rates that are available for any loan or other extension of credit, including:

    1. closing costs or other fees;

    2. the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

    3. the interest rate(s), annual percentage rate(s), or finance charge(s), and

whether they are fixed or adjustable;

  4. the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

  5. the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

  6. whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

  7. that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees;

B. the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history;

C. that a consumer will receive legal representation; or

D. any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## IV.

## PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Stipulating Defendant, Stipulating Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or

program, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A. any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B. that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

C. the nature, expertise, position, or job title of any person who provides any product, service, plan, or program; or

D. any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## V.

## PROHIBITION AGAINST UNSUBSTANTIATED CLAIMS

IT IS FURTHER ORDERED that Stipulating Defendant, Stipulating Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any financial product or service, are permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any financial product or service, unless the representation is non-misleading, and, at the time such representation is made, Stipulating Defendant possesses and relies upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire

# VI.
# MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A. Judgment in the amount of Nine Million, One Hundred Thirty-one Thousand, Seven Hundred and Twelve Dollars ($9,131,712 ) is entered in favor of the Commission against Stipulating Defendant as equitable monetary relief.

B. In partial satisfaction of the judgment against the Stipulating Defendant, Wells Fargo, N.A., shall, within 10 business days from receipt of a copy of this Order, transfer to the Receiver or its designated agent, all funds in account number XXXXXX6749 (in the name Bloom Law Group P.C., DBA Rodeo Law Group, CA IOLTA Acct), and all funds in account number XXXXXX6731 (in the name Bloom Law Group P.C.).

C. Stipulating Defendant shall cooperate fully with the Receiver and shall execute any instrument or document presented by the Receiver, and do whatever else the Receiver deems necessary or desirable to effect the transfers required by Section VI.B. Upon such transfers, the property shall be assets of the receivership estate.

D. Upon the completion of all transfers described in Section VI.B above, the remainder of the judgment is suspended as to the Stipulating Defendant, subject to the Subsections below.

E. The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Stipulating Defendant's sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

   1. The Financial Statement of Stipulating Defendant, signed on October 9, 2017, including the attachments; and

  2. Corporate tax returns of the Stipulating Defendant for the years 2015 and 2016.

F. The suspension of the judgment will be lifted as to Stipulating Defendant if, upon motion by the Commission, the Court finds that Stipulating Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

G. If the suspension of the judgment is lifted, the judgment becomes immediately due as to the Stipulating Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VII.
## ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Stipulating Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Stipulating Defendant acknowledges that its Taxpayer Identification Number, which Stipulating Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Stipulating Defendant's practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Stipulating Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

F. The asset freeze is modified to permit the transfers identified in Subsection VI. B above. Otherwise the asset freeze is kept in place until the completion of the transfers identified in VI.B. After the completion of the transfers identified in Subsection VI.B, the asset freeze is dissolved as to the Stipulating Defendant.

## VIII.
## COOPERATION

IT IS FURTHER ORDERED that Stipulating Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Stipulating Defendant must provide truthful and complete information, evidence, and testimony. Stipulating Defendant must cause its officers, employees, representatives, or agents to appear for interviews,

discovery, hearings, trials, and any other proceedings that Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## IX.

## CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Stipulating Defendant, Stipulating Defendant's officers, agents, employees, attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Stipulating Defendant must provide it, in the form prescribed by the Commission, within 14 days.

B. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, FSA ID, other identifying information, or any data that enables access to a customer's account (including a student loan account, credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the marketing or sale of secured or unsecured debt relief products or services; and

C. failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

*Provided*, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## X.
## CONTINUATION OF RECEIVERSHIP

IT IS FURTHER ORDERED that Robb Evans & Robb Evans and Associates, LLC, shall continue as a Permanent Equity Receiver with full powers of a permanent receiver, as set forth by Section XIV of the Preliminary Injunctions (Dkt. Nos. 35, 36),

## XI.
## ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Stipulating Defendant obtain acknowledgments of receipt of this Order:

A. Stipulating Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Stipulating Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Stipulating Defendant delivered a copy of this Order, Stipulating Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

# XII.
# COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Stipulating Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Stipulating Defendant must submit a compliance report, sworn under penalty of perjury in which Stipulating Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Stipulating Defendant; (b) identify all of Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 20 years after entry of this Order, Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in: (a) any designated point of contact; or (b) the structure of Stipulating Defendant or any entity that Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. A1 DocPrep, *et al.*, X170055.

## XIII.
## RECORDKEEPING

IT IS FURTHER ORDERED that Stipulating Defendant must create certain records for 20 years after entry of the Order, and retain each such records for 5 years. Specifically, Stipulating Defendantfor any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. a copy of each unique advertisement or other marketing material.

# XIV.
# COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Stipulating Defendant's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, Stipulating Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with Stipulating Defendant. Stipulating Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Stipulating Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Stipulating Defendant or any individual or entity affiliated with Stipulating Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XV.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED**, this \_\_\_\_7th\_\_\_\_ day of _____May_____, 2018, at \_\_4:00\_\_ o'clock a̶.m̶./p.m.

_____
Hon. S. James Otero
United States District Judge
Central District of California